Dear Mr. Stringfield:
You have requested an opinion from our office with regard to whether the Bogalusa Municipal Fire and Police Civil Service Board (Board) has the authority:
 1. To issue subpoenas requiring the appearance of individuals and/or subpoenas duces tecum for the production of books and records for pre-hearing depositions to be conducted by a party, not the Board; and
 2. Fix and require the payment of costs for issuance and service of pre-hearing subpoenas and/or subpoenas duces tecum, assuming its authority to issue such subpoenas.
I understand that your Board has not adopted rules for the regulation of its hearing process.
LSA-R.S. 33:2501, entitled "Appeals by employees to the board", provides, in pertinent part, as follows:
 (3) The board shall have complete charge of any such hearing and investigation, and may conduct it in any manner it deems advisable, without prejudice to any person or party thereto.
LSA-R.S. 33:2502, entitled "Oath, testimony, production of records; refusal to testify" provides, in pertinent part, as follows:
 The board . . . shall have the same power and authority to . . . subpoena witnesses, and compel the production of books and papers pertinent to any investigation or hearing authorized by this Part as is possessed by the district courts of Louisiana.
It is the opinion of this office that, inherent in the Board's authority to conduct hearings (LSA-R.S. 33:2501(3)) and compel witnesses and the production of books and papers (LSA-R.S.33:2502), is the authority to issue subpoenas and/or subpoenas duces tecum for pre-hearing purposes. Thus, the Board does have this authority.
With regard to your second question, it is the opinion of this office that the Board does have the inherent authority to fix and require the payment of reasonable costs for the issuance and service of pre-hearing subpoenas and/or subpoenas duces tecum.
The regulation, or even the prohibition of such pre-hearing discovery, and the fixing of costs and fees for witnesses and the issuance and service of subpoenas should be accomplished by rules promulgated pursuant to the Board's rule making authority. LSA-R.S. 33:2477(7).
Trusting this to be sufficient for your purposes, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:jv 1696o